# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RAFAEL ANGEL DIAZ NIEVES,**

             **Plaintiff,**

**-vs-**                                                                               Case No. 6:10-cv-926-Orl-31KRS

**EDNA IRIZARRY, FELICIA MARIE THERM BLOW, ASTRID VELLON, CARLOS VEGA, TRACIE PHILLIPS-MORGAN, GEORGIA LYNN MANCHETTE, SEAN MANCHETTE, JOHN D. EVANS, MICHAEL YEAGER, MEGAN GILLIS, SEMUEL ST. JOHN, SHERIFF TONY CAMERON, SUWANNEE COUNTY SHERIFF OFFICE, POLICEMAN JOHN DOE 1, LIVE OAK POLICE DEPARTMENT, JOSE HECTOR IRIZARRY, MOUNT DORA POLICE DEPARTMENT, VOLUSIA COUNTY DEPUTIES SHERIFF JOHN DOE 2, JOHN DOE 3, VOLUSIA COUNTY SHERIFF OFFICE,**

             **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT FOR COSTS (Doc. No. 2)**
>
> **FILED:**       June 15, 2010

## I. PROCEDURAL HISTORY.

Plaintiff Rafael Angel Diaz Nieves, appearing on his own behalf, filed his complaint in this case against the following defendants: Edna Irizarry, Felicia Marie Therm Blow, Astrid Vellon, Carlos Vega, Tracie Phillips-Morgan, Georgia Lynn Manchette, Sean Manchette, John D. Evans, Michael Yeager, Megan Gillis, Semuel St. John, Sheriff Tony Cameron, Suwanne County Sheriff's Office, Policeman John Doe 1, Live Oak Police Department, Jose Hector Irizarry, Mount Dora Police Department, Volusia County Deputies John Doe 2 and John Doe 3, and Volusia County Sheriff's Office. Doc. No. 1. In the complaint, Nieves alleges that these numerous defendants have conspired to violate his civil rights under 42 U.S.C. § 1985. *Id.* at 1.

Specifically, Nieves alleges that Edna Irizarry, in concert with Georgia and Sean Marchette, have tried to steal Nieves' identity and have tried to kill him. *Id.* ¶ 2-4. Nieves alleges that Edna Irizarry, his ex-wife, has not abided by the terms of a state child custody order. *Id.* ¶ 15. Nieves alleges that the law enforcement defendants, except for Live Oak Police Department and John Doe 1, have refused to assist him because of ties to Jose Irizarry, Edna Irizarry's brother, who works for the Mount Dora Police Department. *Id.* ¶ 5-6, 9-11, 16-17. Nieves alleges that the Live Oak Police Department and Policeman John Doe 1 falsely arrested him, beat him, failed to read him his Miranda rights, denied him medical assistance and refused to allow him to call his family or a lawyer. *Id.* ¶ 12-13. Charges against Nieves from that incident were dropped. *Id.* ¶ 15. Nieves alleges that attorneys Felicia Blow, Tracie Phillips-Morgan, Astrid Vellon and Carlos Vega conspired with public health professionals John Evans, Michael Yeager and Megan Gillis to alter and make public his Veterans' Administration health records. *Id.* ¶ 7-8. Nieves seeks an order requiring defendants to return medical and private records to him,

prohibiting defendants from altering any information in his medical and private records; and awarding him $300,000,000.00 in damages. *Id*. at 5.

## II. STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Nieves' complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under § 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. 8(a)).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

### III. ANALYSIS.

To state a claim under 42 U.S.C. § 1985 for civil rights conspiracy, a plaintiff has to allege: (1) conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). The second element requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 829 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Nieves did not allege the required discriminatory animus. Nieves alleged a law enforcement conspiracy based on deference to Jose Irizarry, who is a police officer. The allegations do not include any discriminatory motivation. Nieves also alleges that attorneys and health professionals conspired to reveal his private information and medical records. He does not allege any discriminatory animus to support this conspiracy either.

The only entity against whom he makes any type of discriminatory animus allegation is policeman John Doe 1 of the Live Oak Police Department who he alleges stated that Nieves "was part of the immigration problem with so many Latinos in Florida." Doc. No. 1 ¶ 13. However, Nieves did not allege that this officer or the Live Oak Police Department were part of any conspiracy or were related to the alleged conspiracy involving Jose Irizarry. *Id.*

To the extent Nieves seeks review of the child custody order entered in state court proceedings, this Court does not have jurisdiction to review his claims. Federal district courts exercise only original

jurisdiction and lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Under this doctrine, federal courts have no authority to review final judgments of state courts, which "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2002). Here, any issues dealing with the custody of Nieves' children or compliance with state court orders must be brought before the state court.

In addition, Nieves failed to separate the various causes of action into separate counts, and to allege which of the Defendants is allegedly liable as to each cause of action.

Assuming that Nieves intends to allege a violation of his civil rights under 42 U.S.C. § 1983, in his amended complaint, Nieves must state the specific Constitutional right, federal law or treaty that each defendant allegedly violated. He must allege facts showing how each defendant deprived him of that federal right while "acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Nieves must also set forth the relief he seeks from each defendant.

Accordingly, I recommend that the Court **DISMISS** the case without prejudice and allow Nieves to file an amended complaint within fourteen days after the Court's order on this Report and Recommendation, and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2, without prejudice to refiling it with the amended complaint. I further recommend that the Court advise Nieves that failure

to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 18, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy