# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAFAEL ANGEL DIAZ NIEVES,**

**Plaintiff,**

-vs-                                          Case No.  6:10-cv-926-Orl-31KRS

**EDNA IRIZARRY, FELICIA MARIE
THERM BLOW, ASTRID VELLON,
CARLOS VEGA, TRACIE PHILLIPS-
MORGAN, GEORGIA LYNN
MANCHETTE, SEAN MANCHETTE,
JOHN D. EVANS, MICHAEL YEAGER,
MEGAN GILLIS, SAMUEL ST. JOHN,
SHERIFF TONY CAMERON, SUWANNEE
COUNTY SHERIFF OFFICE, MISSY
NORRIS, POLICEMAN JOHN DOE 1,
LIVE OAK POLICE DEPARTMENT, JOSE
HECTOR IRIZARRY, MOUNT DORA
POLICE DEPARTMENT, DEPUTY
SHERIFF JOHN DOE 2, DEPUTY
SHERIFF JOHN DOE 3, VOLUSIA
COUNTY SHERIFF OFFICE, INSURANCE
COMPANIES I, II, . . . XXX.**

**Defendants.**

_____

## ORDER

        This matter comes before the Court *sua sponte*.  The Plaintiff, Rafael Nieves ("Nieves"),

appearing *pro se*, filed the instant suit on June 15, 2010.  (Doc. 1).  At the same time, he sought

leave to proceed *in forma pauperis*.  (Doc. 2).  His motion was referred to Magistrate Judge

Spaulding, who reviewed the Complaint to determine whether, among other things, it was

frivolous or  malicious or failed to state a claim upon which relief might be granted.  28 U.S.C. §

1915(e)(2)(B).  Judge Spaulding found that the Complaint was deficient in numerous ways, and she meticulously detailed those deficiencies in her Report and Recommendation (Doc. 5).  On June 18, 2010, Judge Spaulding recommended that the Court deny the motion and dismiss the Complaint without prejudice, giving Nieves fourteen days to file an amended pleading.  On July 6, 2010, this Court adopted Judge Spaulding's Report and Recommendation and denied the motion for leave to proceed *in forma pauperis*.

In the meantime, Nieves filed an Amended Complaint (Doc. 6) on June 22, 2010, four days after Judge Spaulding's Report and Recommendation was docketed.[1]  According to the Court's records, a copy of the Report and Recommendation was mailed to the Plaintiff the day before he filed the Amended Complaint.  Based on this, he may not have had the benefit of Judge Spaulding's analysis when he prepared the Amended Complaint.  Either way, the Amended Complaint does not cure any of the deficiencies that were found in the Complaint.  The two pleadings are almost identical.  The only difference between them is that the Amended Complaint contains a reference to the Americans with Disabilities Act, Doc. 6 at 1,  and allegations against a new defendant, Missy Norris ("Norris"), Doc. 6 at 3. [2]

The Court assumed that the Amended Complaint represented an effort to solve the problems spelled out in the original Complaint.  This was a mistake.  This case cannot move forward until the Plaintiff produces a pleading that addresses the jurisdictional issues, failures to

---

[1]Nieves paid the filing fee on July 13, 2010.

[2]After reviewing them, the Court finds that the allegations against Norris are as problematic as the allegations made by the Plaintiff against every other defendant.

state a claim, and violations of the Federal Rules of Civil Procedure identified by Judge Spaulding.

Accordingly, it is hereby

ORDERED that the Amended Complaint (Doc. 6) is **DISMISSED WITHOUT**

**PREJUDICE** for the reasons identified in the Report and Recommendation (Doc. 5).  Should he

desire to do so, the Plaintiff may file a second amended pleading, not more than fourteen days

from the date of this order, that cures these deficiencies.  And it is further

ORDERED that all pending motions in this case are **DENIED WITHOUT**

**PREJUDICE**.  Should the Plaintiff file any further pleadings, the Court will review them to insure

that they meet the requirements outlined above.  The Defendants are relieved of any obligation to

respond to future pleadings, by motion, answer, or otherwise, pending further notice from the

Court.

DONE and **ORDERED** in Chambers, Orlando, Florida on October 28, 2010.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

-3-